IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| B&B ENTERPRISES OF WILSON COUNTY, LLC, )<br>and HAL BONE, )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>THE CITY OF LEBANON, THE CITY )<br>OF LEBANON REGIONAL PLANNING )<br>COMMISSION, and the Following Individuals )<br>Serving In Their Capacity As Members Of the )<br>Commission: PATSY ANDERSON, RONNIE )<br>KELLY, DAVID COOK, DON FOX, CLAUDE )<br>WILSON, JOE HOLBROOK, NICK LOCKE, )<br>JAN MANGRUM, JOE HAYS and )<br>JOHNNY PEYTON, )<br> )<br>    Defendants. ) | Case No. 3:06cv0003<br><br>*CONSOLIDATED WITH* Case No. 3:06cv0004<br><br>Judge Thomas A. Wiseman, Jr. |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Before the Court in this consolidated action are Plaintiffs' Motion To Non-Suit Federal Claims and Remand To State Court (Case No. 3:06cv0003 (the "Lead Case"), Doc. No. 6) and Motion To Strike Federal Claims From Plaintiff's *[sic]* Proposed Amended Complaint and Remand To State Court (Case No. 3:06cv0004 (the "Member Case"), Doc. No. 6). The Lead Case and the Member Case were consolidated after Plaintiffs filed their motions, and Defendants have filed a single response in opposition to remand in the consolidated action (Doc. No. 10). Plaintiffs have filed a reply brief (Doc. No. 11). While the Lead Case was removed on the basis of federal-question jurisdiction, as discussed below, Defendants removed the Member Case after Plaintiffs filed in state court a motion to amend their complaint to add federal claims. After removing, Defendants promptly filed, in this Court, their response in opposition to the motion to amend (Member Case, Doc. No. 7). Plaintiffs' motion to amend is still pending.

Because the Member Case was prematurely removed, this Court lacks subject-matter jurisdiction in that case and remand is mandatory. No further proceedings in that case are proper. With respect to the Lead Case, Plaintiffs' unopposed motion to non-suit the federal claims in the Lead Case will be granted. Because the Court declines to exercise supplemental jurisdiction over the state-law claims remaining in the Lead Case after dismissal of the federal claims, Plaintiffs' motion to remand that case to state court will also be granted.

## II. PROCEDURAL BACKGROUND

As suggested above, the procedural posture of these consolidated cases is somewhat unusual. The Lead Case was removed to this Court on January 3, 2006, the original complaint having been filed in the Circuit Court for Wilson County on December 2, 2005. The complaint alleges that Defendants violated Plaintiffs' civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. The complaint also alleges violations of Plaintiffs' rights under the Tennessee Constitution regarding the taking of private property for public use without just compensation due to an alleged uncompensated temporary regulatory taking. Removal to federal court was premised upon federal question jurisdiction under 28 U.S.C. § 1331.

The Member Case was likewise removed to this Court on January 3, 2006. The underlying lawsuit, however, was filed in Wilson County Circuit Court on April 2, 2002. Plaintiffs' motion to amend the complaint to add federal claims was first served on December 2, 2005. Defendants, rather than waiting to see whether the state court would deny the motion to amend, removed the action to federal court and then promptly filed their Response In Opposition To Plaintiffs' Motion To Amend in this Court. Thereafter, Plaintiffs filed their motions to non-suit or strike their federal claims and remand both cases to state court.

## III. DISCUSSION

### A. Remand Of the Member Case Is Required.

An action initiated in state court may be removed to the appropriate federal court if the alleged claims arise under federal law. 28 U.S.C. §§ 1331, 1441. The defendant may remove an action from state court to federal court only if the action originally could have been filed in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The removing party has the burden of establishing original federal jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). While personal jurisdiction may be waived in some circumstances, subject-matter jurisdiction cannot be conferred upon the court by the parties, can never be waived, and can be raised at any stage of the proceedings. Furthermore, the court may raise the issue of subject-matter jurisdiction *sua sponte*. See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977).

In this case, federal subject-matter jurisdiction is apparently premised upon federal question

2

jurisdiction, which requires that a complaint state a claim for relief "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The original complaint in the Member Case did not state a federal claim. Thus, the only possible basis for removal in this case is Plaintiffs' motion to amend the complaint to add federal claims, filed after the case had already been pending in state court for over three and a half years. Defendants removed before filing a response opposing the motion to amend in the state court and before the state court ruled on it.

The federal removal statute declares in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

28 U.S.C. § 1446(b). Thus, this action was properly removed to federal court *only* if plaintiff's motion to amend constituted "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

Most courts that have considered the issue agree that the thirty-day time frame for filing a notice of removal begins to run either upon the granting of the motion to amend or the actual filing of the amended complaint. See Doulias v. Teacher's Ins. & Annuity Ass'n, 35 F. Supp. 2d 612, 615 (W.D. Tenn. 1999) (compiling cases). Thus, "[u]nder the majority view, the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make an otherwise unremovable case removable." Id. (citing Booth Theatre Found. v. McKiernan, No. 94-1039-PFK, 1994 WL 114305, at *1 (D. Kan. March 11, 1994)). "At the very least, the motion first must be granted." Id. Cf. Rogers, 230 F.3d at 872 ("[J]urisdiction is determined as of the time of removal. . . .").

In other words, at the time Defendants' notice of removal was filed, Plaintiffs' state court lawsuit did not yet contain a federal question. While it was clear from the motion to amend and the proposed amended complaint that the case might at some point *become* removable, there also remained a strong possibility that the motion might be denied. Because the motion had not yet been granted, the case was not yet removable and Defendants' notice of removal was premature. See Doulias, 35 F. Supp. 2d at 615 (finding removal was premature under similar circumstances). Subject-matter jurisdiction therefore does not exist in this case, as a result of which this Court lacks even the discretion to grant (or deny) the still pending motion to amend. See

3

Hicks v. Universal Housing, Inc., 792 F. Supp. 482, 484 (S.D. W. Va. 1992) ("If the court lacks jurisdiction over an improvidently removed case, how can it legitimately assume jurisdiction to consider an amendment which would create the very jurisdiction the court lacks? Any rule so allowing would render the concept of jurisdiction a mutable chameleon which the court could transform at will to fit circumstances."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Member Case will therefore be remanded without consideration of the motion to amend or the motion to strike.

      **B.      Remand Of the Lead Case Is Appropriate.**

Plaintiffs stated a federal claim under § 1983 in the original complaint in the Lead Case filed in state court, making removal of the federal claim appropriate. Moreover, state law claims that are related to a federal-question claim may also be removed under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367(a). "A federal court has jurisdiction over an entire action, including state law claims, whenever the federal law and state law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.' " Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). As it is clear that the same set of operative facts gave rise to both the state and federal claims in this case, removal of the entire case was appropriate, and this Court may properly exercise jurisdiction over both the state and federal claims asserted in the Complaint.

Where, as here, the federal claims are dismissed or non-suited subsequent to a proper removal, this Court has the discretion to retain jurisdiction over the supplemental state law claims, because jurisdiction "depends upon the state of things at the time of the action brought." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) (quoting Mollan v. Torrance, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)). The Court also, however, "has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate [based on principles of economy, convenience, fairness, and comity]." Cohill, 484 U.S. at 357.

Consideration of the principles articulated by the Supreme Court dictate a finding that retaining

4

jurisdiction over the state-law claims would be inappropriate in this case. The claims remaining once the federal claims are dismissed are apparently identical to those stated in the Member Case. The claims involve Plaintiffs' alleged right to damages under Tennessee statute pertaining to inverse condemnation proceedings, Tenn. Code Ann. §§ 29-16-101 through -127. Concerns regarding comity weigh heavily in favor of having the state law reverse-condemnation issues be resolved by the state court. Principles of economy, convenience and fairness also weigh against permitting a parallel proceeding to go forward in federal court, given that the case has been in federal court for barely two months while the state-court case has been pending for nearly four years.

Defendants object to remand on the grounds that Plaintiffs are "engaging in manipulative tactics to manipulate the forum." (Lead Case, Doc. No. 10, at 1.) To the contrary, it appears that Defendants, dissatisfied with the state court rulings to date (including an appeal in which the Tennessee Court of Appeals reversed a trial court ruling adverse to the Plaintiffs), have attempted to manipulate the forum by removing the Member Case prematurely, before the state court had the opportunity to rule on Plaintiffs' motion to amend, and then opposing the motion to amend here, while not opposing Plaintiffs' motion to non-suit the federal claims. In any event, Plaintiffs' attempt to add a federal claim, without more, does not indicate they are improperly trying to manipulate the forum.

## IV. CONCLUSION

The Member Case shall be remanded to state court, and the Court lacks jurisdiction to consider any of the other motions pending in that case. Plaintiffs' motion to non-suit federal claims in the Lead Case will be granted as unopposed. Plaintiffs' motion to remand the Lead Case to state court will likewise be granted.

An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge